JOANOS, Judge.
Barbón appeals the trial court’s denial of his Florida Rules of Criminal Procedure Rule 3.850 motion to vacate and set aside his sentence, following his conviction for conspiracy to traffic in excess of 100 pounds of cannabis. We affirm.
Barbón argues his sentence should be vacated due to his inability to depose a critical witness, Putnal, who Barbón contends was made unavailable by the prosecution. Barbon’s motion is based upon a post-trial affidavit of co-conspirator, Carl, *986 who testified for the prosecution at trial. According to the affidavit, Putnal was in the prosecutor’s office on the day of trial. Carl states that the prosecutor said he would not use Putnal as a witness since Putnal was a liar. On the day of trial, Barbón moved for a continuance based upon an alleged denial of the right of access to and ability to compel witnesses, namely Putnal. Barbón argued that Put-nal was critical to his case, but had been unavailable since the prosecution decided not to use him as a witness. The prosecution argued that defense counsel had released Putnal from a subpoena, that Putnal had been available for deposition from the start, and that Putnal had stated that no one had tried to serve him. The motion was denied. On appeal, Barbón raised the issue of Putnal’s unavailability. Barbon’s conviction was affirmed in Barbon v. State, 429 So.2d 7 (Fla. 1st DCA 1983).
Barbón has failed to raise any factual allegations to support the claimed misconduct by the prosecution. There are no facts set forth as to how the prosecution made the witness unavailable. There are no factual allegations as to what Putnal’s testimony would have been. There appear to be no differences in what was known before conviction and what later became known which would require relief. The issue of Putnal’s unavailability was raised on direct appeal and is not now a proper basis for post-conviction relief. Christopher v. State, 416 So.2d 450, 452 (Fla.1982).
Accordingly, the trial court’s denial of the motion for post conviction relief is AFFIRMED.
SMITH and ZEHMER, JJ., concur.